FILED

11 JUN 22 AM 8:09

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MINER, | Case No.11cv1343 BEN (POR) |
| Plaintiff, | **ORDER SUA SPONTE DISMISSING ACTION AND DENYING MOTION TO PROCEED IFP** |
| vs. | |
| THE MOORE LAW GROUP, | [Dkt. Nos. 1-2] |
| Defendant. | |

Plaintiff Andres Miner commenced this action against Defendant Citibank or The Moore Law Group.[1] Instead of paying the $350.00 filing fee, Plaintiff moves to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) Because Plaintiff has failed to state a claim upon which relief may be granted the action is *sua sponte* dismissed and the motion to proceed IFP is **DENIED**.

## DISCUSSION

I.   ***Sua Sponte* Dismissal**

When a party is proceeding IFP, "the court shall dismiss the case at any time if . . . the action . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *see also O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (finding a "district court may deny leave to proceed in forma pauperis at the outset if

---

[1]Plaintiff's civil cover sheet identifies Citibank (South Dakota) N.A. as the Defendant, but Plaintiff's attached Complaint identifies The Moore Law Group.

1   it appears from the face of the proposed complaint that the action is frivolous.").

2          Here, the Complaint alleges two claims for relief: (1) willful non-compliance and (2) negligent

3   non-compliance.  The single factual allegation asserted is itself a legal conclusion.  Plaintiff alleges

4   that on "March 9, 2010, MOORE inquired regarding Citibank account number ending in 8569 [and]

5   violated 15 U.S.C. § 1681(b) on the basis that the inquiry was not made for a permissible purpose."

6   (Compl. ¶ 4.)  The remainder of the Complaint simply asserts that Plaintiff is entitled to damages

7   under various sections of the Fair Credit Reporting Act ("FCRA").

8          The statute cited, 15 U.S.C. § 1681(b), simply states the purpose Congress intends for the

9   subchapter, "to require consumer reporting agencies to adopt reasonable procedures for meeting the

10  needs of commerce for consumer credit, personnel, insurance, and other information in a manner

11  which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and

12  proper utilization of such information in accordance with this subchapter."  Plaintiff then claims an

13  entitlement to damages under § 619 of the FCRA.  Section 619, 15 U.S.C. § 1681q, provides for a fine

14  or imprisonment for "[a]ny person who knowingly and willfully obtains information on a consumer

15  from a consumer reporting agency under false pretenses."  Plaintiff also claims an entitlement to costs

16  and attorney's fees under 15 U.S.C. § 1681o.

17         At the outset, the lack of a clear Defendant is problematic.  Plaintiff must clearly identify the

18  Defendant(s).  Additionally, while the Court could speculate as to Plaintiff's intentions, Plaintiff's

19  allegations are not sufficient to "give the defendant fair notice of what the . . . claim is and the grounds

20  upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's only

21  factual allegation is a legal conclusion that the Court need not accept to be true.  *Roberts v. Corrothers*,

22  812 F.2d 1173, 1177 (9th Cir. 1987).  But, even if the Court accepted this allegation to be true, it,

23  alone, does not state a cognizable claim for relief.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d

24  530, 534 (9th Cir. 1984) (finding dismissal appropriate when complaint lacks a cognizable legal

25  theory).  Accordingly, Plaintiff's Complaint is **DISMISSED**.

26  ///

27  ///

28  ///

1  II.    **Leave to Amend**

2          Courts generally grant leave to amend unless amendment would be futile. *Townsend v. Univ.*

3  *of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008).  The Court will provide Plaintiff with an opportunity to

4  file an amended complaint.  Plaintiff is granted 60 days leave from the date of the entry of this order

5  to reinstate the case by paying the $350 filing fee or submitting an amended IFP application **and** filing

6  a First Amended Complaint that cures the deficiencies identified by the Court.

7                                          **CONCLUSION**

8          The Court *sua sponte* dismisses the Complant without prejudice and **DENIES** the motion to

9  proceed IFP as moot.  The Court grants Plaintiff 60 days from the date of the entry of this order to

10  reinstate the case by paying the $350 filing fee or submitting an amended IFP application **and** filing

11  a First Amended Complaint that cures the deficiencies identified by the Court

12

13  **IT IS SO ORDERED.**

14

15  Dated: June 20, 2011

16                                          Hon. Roger T. Benitez
                                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -